**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RANDY Q. IRELAND, SR.; RANDY Q. IRELAND, JR.;**
**and JENNIFER D. IRELAND,**

                                    **Plaintiffs,**

                      **v.**                                              **1:00-CV-1834**
                                                           **(FJS/DRH)**

**COUNTY OF ESSEX, NEW YORK STATE; JEFFRY**
**GLANDA, Individually and as a Court Reporter; ESSEX**
**COUNTY ADMINISTRATOR; ESSEX COUNTY**
**BOARD OF SUPERVISORS; and HENRY HOMMIS,**

                                    **Defendants.**

---

**APPEARANCES**                                 **OF COUNSEL**

**RANDY Q. IRELAND, SR.**
Springfield, Missouri 65807
Plaintiff *pro se*

**RANDY Q. IRELAND, JR.**
Springfield, Missouri 65807
Plaintiff *pro se*

**JENNIFER D. IRELAND**
Springfield, Missouri 65807
Plaintiff *pro se*

**OFFICE OF ESSEX COUNTY**          **RICHARD B. MEYER, ESQ.**
**ATTORNEY**
7551 Court Street
P.O. Box 217
Elizabethtown, New York 12932
Attorneys for Defendants Essex County,
New York State; Essex County
Administrator; Essex County Board of
Supervisors; and Henry Hommis

**JEFFRY GLANDA**
**OOA1269 26-34**
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011
Defendant *pro se*


**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs assert causes of action pursuant to 42 U.S.C. § 1983 and the Americans with

Disabilities Act.  Currently before the Court are the Essex County Defendants'[1] motion to

dismiss pursuant to Rules 12(c), 37, 41(b), and 56 of the Federal Rules of Civil Procedure and

Local Rule 41.2.


### II. BACKGROUND

Plaintiffs filed this action on December 1, 2000.  *See* Dkt. No. 1.  On September 7, 2001,

Plaintiffs filed an Amended Complaint that added the Essex County Defendants.  *See* Dkt. No.

26.

On April 17, 2003, Magistrate Judge Homer held a Rule 16 telephone conference, which

Plaintiffs failed to attend.  *See* Essex County Defendants' Statement of Material Facts at ¶ 64.[2]

---

[1] The Essex County Defendants are Defendants Essex County, New York State; Essex County Administrator; Essex County Board of Supervisors; and Henry Hommis.

[2] Since Plaintiffs have failed to respond to the Essex County Defendants' Statement of Material Facts, the Court deems Plaintiffs to have admitted the statements contained therein.  *See* L.R. 7.1(a)(3).

On that date, Magistrate Judge Homer issued a Uniform Pretrial Scheduling Order that set

November 1, 2003, as the discovery deadline.  *See* Dkt. No. 68 at 2.

Plaintiffs' depositions were initially scheduled for July 21, 2003, in Albany, New York.

*See* Essex County Defendants' Statement of Material Facts at ¶ 66.  Plaintiffs failed to appear for

these depositions.  *See id.* at ¶ 67.

On July 31, 2003, the Essex County Defendants filed a motion for sanctions.  *See* Dkt.

No. 69.  In its March 24, 2004 Memorandum-Decision and Order, the Court found that Plaintiffs

had willfully violated the Court's Uniform Pretrial Scheduling Order.  *See* Dkt. No. 83 at 4.

However, after considering the relevant factors, the Court denied the Essex County Defendants'

motion with leave to renew.  *See* Dkt. No. 83 at 6.  The Clerk of the Court sent a copy of the

Court's Memorandum-Decision and Order to each Plaintiff.  *See* Dkt. No. 86.

On April 2, 2004, Magistrate Judge Homer gave each Plaintiff notice of a telephone

status conference scheduled for April 21, 2004.  *See* Dkt. No. 85.  On April 21, 2004, Plaintiffs

Randy Q. Ireland, Sr. and Randy Q. Ireland, Jr. failed to appear.  *See* Dkt. No. 87.  During the

telephone conference, Magistrate Judge Homer explicitly advised Plaintiff Jennifer Ireland, "who

purported to speak on behalf of her two co-plaintiffs," "of the responsibilities of plaintiffs to

appear for their depositions, their responsibilities to communicate with defendants' counsel

concerning scheduling and other matters, and the consequences, including dismissal of the

action, if they failed to do so."  *See* Dkt. No. 90 at 4.  Magistrate Judge Homer also ordered that

the depositions of Plaintiffs Randy Ireland, Sr. and Randy Ireland, Jr. would be taken in Albany

but that the deposition of Plaintiff Jennifer Ireland could be taken by video or telephone if she

provided the appropriate medical documentation.  *See* Dkt. No. 87.

On April 28, 2004, Magistrate Judge Homer issued an Order that amended the Uniform Pretrial Scheduling Order and set a discovery deadline of November 1, 2004.  *See* Dkt. No. 88 at 2.  On September 7, 2004, the Essex County Defendants served a notice of deposition upon each Plaintiff that scheduled the deposition of each Plaintiff for October 13, 2004, in Albany.  *See* Defendants' Statement of Material Facts at ¶ 75.  On October 12, 2004, Plaintiff Jennifer Ireland faxed a letter to Defendants advising that none of Plaintiffs would be attending their October 13, 2004 depositions.  *See id.* at ¶ 77.  On October 13, 2004, Plaintiffs failed to appear for their depositions.  *See id.* at ¶ 79.

The Essex County Defendants filed their notice of the current motion on December 23, 2004.  *See* Dkt. No. 114.  Although Plaintiffs' response papers were due on January 25, 2005, they have not responded.  *See id.*

## III. DISCUSSION

### A.   The Essex County Defendants' motion

Defendants argue that the Court should dismiss Plaintiffs' causes of action against them pursuant to Rules 37(b)(2), (d) and 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2 because Plaintiffs have failed to prosecute this action diligently, comply with this Court's orders, or appear for depositions.[3,4]

---

[3] Although Local Rule 41.2 provides a procedure for Judges in this District to dismiss *sua sponte* actions for lack of diligent prosecution, it does not provide a basis for an opposing party to move for dismissal.  *See* L.R. 41.2.

[4] Since the Court finds this aspect of the Essex County Defendants' motion persuasive and dispositive of all of Plaintiffs' claims against them, it will not address their arguments with

(continued...)

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> [i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings . . . or dismissing the action . . . or rendering a judgment of default against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2). The choice of an appropriate sanction under Rule 37 is a matter within the district court's discretion. *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (quotation omitted). "However, dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . ." *Id.* (internal citation omitted). Normally, a court should only dismiss a *pro se* plaintiff's action for his failure to comply with court orders if it has first warned him that dismissal is a possible consequence of such violation. *See id.* (quotations omitted).

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action . . . ." Fed. R. Civ. P. 41(b). In considering a motion to dismiss pursuant to Rule 41(b), a court must assess several factors, none of which is dispositive: (1) the length of delay that the plaintiff's failure to prosecute caused, (2) whether the plaintiff had notice that further delay would result in dismissal, (3) whether the defendant is likely to suffer prejudice from further delay, (4) the court's interest in managing its docket versus the plaintiff's interest in being heard, and (5) whether lesser sanctions would be effective. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). A court must assess these factors in light of the fact "that dismissal for failure to

---

[4](...continued)
respect to Rules 12(c) and 56 of the Federal Rules of Civil Procedure.

prosecute is a 'harsh remedy to be utilized only in extreme situations.'" *Id.* (quotation omitted).

The record in this case amply supports a finding that Plaintiffs have failed to prosecute their claims and to comply with court orders despite several warnings from the Court regarding the consequences of such action.

Plaintiffs failed to appear for the April 17, 2003 Rule 16 telephone conference. Although Plaintiffs' depositions were originally scheduled for July 21, 2003, they failed to appear for those depositions. Plaintiffs Randy Q. Ireland, Sr. and Randy Q. Ireland, Jr. failed to appear for the April 21, 2004 telephone status conference. Plaintiffs' depositions were next scheduled for October 13, 2004. Plaintiffs failed, once again, to appear for these depositions and only provided Defendants notice that they would not appear on October 12, 2004. It has been more than eighteen months since the original discovery deadline passed, over six months since the amended discovery deadline passed, and over twenty-one months since Plaintiffs' depositions were originally scheduled. Plaintiffs' failure to comply with court orders and to diligently prosecute this action has clearly caused great delay in the resolution of this matter.

Plaintiffs had actual notice that their failure to comply with court orders and to prosecute this action diligently could result in the dismissal of their case. The Court's Uniform Pretrial Scheduling Order notified Plaintiffs that the deadlines set forth therein were "firm." *See* Dkt. No. 68 at 1. The Court's March 24, 2004 Memorandum-Decision and Order informed Plaintiffs that failure to comply with the Uniform Pretrial Scheduling Order could result in the dismissal of their action. *See* Dkt. No. 83 at 4. The Clerk of the Court sent a copy of this Memorandum-Decision and Order to each Plaintiff. *See* Dkt. No. 86. Magistrate Judge Homer's May 19, 2004 Order noted that "plaintiffs are now on notice that continued failures to participate in the

litigation of this case in the future may well cause this action to be dismissed." *See* Dkt. No. 90 at 4.  The Clerk of the Court sent a copy of this Order to each Plaintiff.  *See* Dkt. No. 91.

Moreover, additional delay would unfairly prejudice the Essex County Defendants.  They have already incurred undue expense and loss of time resulting from Plaintiffs not attending two scheduled, and properly noticed, depositions.  In addition, based on their prior actions, there is no guarantee that Plaintiffs will attend any future depositions even if scheduled.  Also, Plaintiffs commenced this action more than four years ago, and as time continues to pass and Plaintiffs refuse to cooperate with discovery, accurate recollections of the events will deteriorate.

The Court has given Plaintiffs every opportunity to comply with its orders and the discovery process.  In this regard, the Court explicitly refused to grant the Essex County Defendants' previous motion for sanctions in the hopes of giving Plaintiffs a fair opportunity to be heard.  In each of these orders, the Court explicitly explained to Plaintiffs the process and the need for them to follow its orders and participate actively in the discovery process.  Nonetheless, to date, Plaintiffs have failed to comply with the Court's orders and Defendants' discovery requests.  Given Plaintiffs' past behavior, the Court concludes that there is no sanction available to the Court, short of dismissal, that would guarantee Plaintiffs' compliance.  Accordingly, the Court grants the Essex County Defendants' motion to dismiss this action with prejudice.

## B.   Defendant Glanda

Defendant Glanda has not filed a dispositive motion.  However, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and a court's inherent powers, "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution . . . ."

*Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)) (other citations omitted); *see also* L.R. 41.2(a) (Court may, upon notice to parties, dismiss an action for failure of diligent prosecution).  As the Court has already noted, Plaintiffs had abundant notice that their failure to prosecute this case and to comply with this Court's orders could lead to the dismissal of their causes of action. Furthermore, the Essex County Defendants' motion gave Plaintiffs notice of the need for them to justify such failure, which they have not attempted to do.  Accordingly, for the reasons the Court gave with respect to the Essex County Defendants' motion, the Court *sua sponte* dismisses Plaintiffs' complaint with respect to Defendant Glanda.

## IV. CONCLUSION

After carefully considering the file in this matter, the Essex County Defendants' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Essex County Defendants' motion to dismiss, pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure, is **GRANTED**; and the Court further

**ORDERS** that, pursuant to the Court's inherent power, Rule 41(b) of the Federal Rules of Civil Procedure, and Local Rule 41.2(a), Plaintiffs' complaint is **DISMISSED** *sua sponte* with respect to Defendant Glanda; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: June 8, 2005
      Syracuse, New York


                                    Frederick J. Scullin, Jr.
                                    Chief United States District Court Judge